**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re:  MOHAMMED O. ZEKRIA<br>SORAYA ZEKRIA | )<br>)<br>)<br>)<br>) | <br><br>Case No.   13-12585-RGM<br>Chapter   13 |
| Debtor(s) | ) | |

MOHAMMED O. ZEKRIA
SORAYA ZEKRIA
8503 Barrow Furnace Lane
Lorton, VA 22079
    Plaintiffs

    v                       Adv. Proc.

SPECIALIZED LOAN
SERVICING, LLC
PLEASE SERVE:
John Beggins, CEO
8472 Lucent Blvd.
Littleton, CO 90129
    Defendant

**COMPLAINT TO DETERMINE THAT CLAIM OF SPECIALIZED LOAN SERVICING, LLC, IS UNSECURED AND TO SET ASIDE LIEN**

1. Jurisdiction for this complaint is found pursuant to 28 U.S. Code 1334 and 11 U.S. Code 506.  This is a core proceeding under 28 U.S. Code 157(b).

2. Plaintiff Mohammed O. Zekria and Soraya Zekria are the Chapter 13 debtors, residents of Lorton, and owners of real property being Lot Numbered 84, Section 1, Lorton Valley North, as the same appears duly dedicated, platted and recorded in Deed Book 14601, at Page 1090  among the Land Records of Fairfax County,  Tax ID No. 107-3-07-01-0084, known as 8503 Barrow Furnace Lane., Lorton, VA 22079 (hereafter the property).

3. Plaintiff filed their Chapter 13 petition on June 4, 2013 and their Chapter 13 Plan on June 11, 2013. Their Chapter 13 Plan provides that they will treat the second trust loan of defendant Specialized Loan Servicing, LLC (hereafter Specialized) as fully unsecured and will file an Adversary Proceeding to determine its status and seek to strip off the second trust. Plaintiff provided special notice to Specialized directly and to its CEO.

4. Defendant Specialized is a corporation, which holds a second trust on the property.

5. The property is the plaintiffs' personal residence. Upon information and belief the present fair market value of the property is about $616,000.

6. The property is encumbered by a first trust to Financial Management, Inc., which is now held by Specialized, which was recorded on or about November 1, 2006 at 2:18 P.M., as Instrument 2006033959.006. At the time of filing the principal balance on said trust was about $673,207, which is now held by Specialized, which was recorded on or about November 1, 2006 at 2:18 P.M., as Instrument 2006033959.007. At the time of filing the balance on said trust was about $77,886.

7. Plaintiffs maintain that defendant's second trust loan is wholly unsecured, pursuant to 11 U.S. Code 506, and that any claim on said loan is unsecured. Plaintiffs further maintain that since the second trust loan of defendant is fully unsecured, pursuant to 11 U.S. Code 506, the lien must be avoided and removed from the Land Records, provided that their Chapter 13 plan is confirmed by the Court and they successfully complete the confirmed plan.

WHEREFORE, plaintiffs pray:

A. That the Court hold a valuation hearing to determine the status of the second trust claim of Specialized, pursuant to 11 U. S. Code 506.

B. That the Court classifies the claim as fully unsecured.

C. That should the claim be determined to be fully unsecured that the second trust lien of Specialized be avoided and removed from the Land Records of Fairfax County,

provided that the Court confirms a reorganization plan and said plan is successfully completed.

/s/Mohammed O. Zekria

/s/Soraya Zekria

/s/Joseph M. Goldberg #20814
Attorney for Plaintiffs
1115 Massachusetts Ave., NW
Washington, DC 20005
(202) 638-0606